Allen, J.
delivered the opinion of the court. — The act of assembly, 1 Rev. Code, ch. 128, § 33, p. 496. provides that “ no plea in abatement shall be admitted or received, unless the party offering the same shall prove the truth thereof by oath or affirmation.” There is nothing in the language used, which indicates an intention to confine this provision to civil cases; and there would seem to be as great a propriety in requiring this affidavit to dilatory pleas in criminal prosecutions, as in civil actions. The doubt however arises, whether this provision was intended to apply to criminal prosecutions, from the fact that in the revision of 1819 it is found in an act entitled “ an act for the limitation of actions; for preventing frivolous and vexatious suits; concerning jeofails, and certain proceedings in civil cases.” By a reference to the statutes at large, it appears that this provision was extracted from the act passed December 22. 1788, entitled “ an act establishing district courts. *724 and for regulating the general court.” 12 Hen. Stat. at large, p. 730. This act regulated the jurisdiction of the district courts iu both civil and criminal cases ; and bv . T the 39th section it is declared that no plea m abatement shall be admitted or received, unless verified by oath. The provision in the act of 1788 was extracted from the act of 1753, reducing into one act the several laws made for establishing a general court, and for regulating and settling the proceedings therein. 6 Hen. Stat. at large, p. 325. At that period the general court possessed general jurisdiction over criminal causes; and as the original act prohibited the filing of any plea in abatement unless verified by oath, there would seem to be no good reason for confining the regulation to civil causes. A similar construction has been given to the statute of 4 and 5 Anne, from which the act of 1753 was originally taken. The 11th section of that act provided that no dilatory plea should be received in any court of record, except verified by oath; words not more comprehensive than those found in our statute. The same statute contained many other provisions for the prevention of delays in civil suits, and by the 7th section it was declared that none of the preceding provisions should extend to criminal prosecutions. The question whether the 11th section extended to a dilatory plea offered to an indictment arose in Rex v. Grainger, 3 Burr. 1617. The 7th section of the same statute was cited and relied on, and lord Mansfield held that the 7th section did not extend to the 11th, and made the rule absolute to set aside the plea. And in the case of The King v. Jones, 2 Strange 1162. a plea in abatement to an information in nature of a quo warranto was set aside for want of a title to the affidavit annexed, which could not have been if the affidavit itself was unnecessary. These cases are cited and relied on by Hawkins, P. C. book 2, ch. 34, and in 1 Chitty’s Crim. Law, p. 305. as authority for the position that such pleas should be verified by affidavit.
*725 In reference to the fourth plea — Our act of assembly points out the mode of summoning grand juries, and declares that the twenty-four grand jurors, or any sixteen of them, shall be a grand jury. But there is nothing said as to the number who must concur in finding a presentment or indictment: and the same reasoning which goes to prove that because the act declares that twenty-four, or any sixteen, shall be a grand jury, the number of sixteen should concur in a finding, would also establish that if more than sixteen are sworn, they should all concur; for the whole number, at last, form the grand jury. In 2 Hale’s P. C. 161. it is stated that “if there be thirteen or more of the grand inquest, a presentment by less than twelve ought not to be; but if there be twelve assenting, though some of the rest of their number dissent, it is a good presentment; for if twelve agree, it is not necessary for the rest to agree.” And it is understood that the practice in Virginia has been in conformity with this rule.
It is therefore ordered to be certified, in answer to the questions adjourned, 1. That pleas in abatement, offered in trials for misdemeanours, ought to be verified by oath or affirmation. 2. That the court ought not to receive the pleas tendered, without being so verified. 3. That it is not necessary that sixteen of the grand jury should concur to make a presentment or find a bill of indictment ; but if twelve agree, it is sufficient. 4. That the demurrer to the fourth plea should be sustained, and judgment of respondeat ouster entered.